UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SWISS REINSURANCE AMERICA CORPORATION, a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>SUPERVALU, INC., a Delaware corporation,<br><br>Defendant. | CASE NO.<br><br><br>**COMPLAINT** |

Plaintiff Swiss Reinsurance America Corporation ("Swiss Re") hereby alleges as follows:

## JURISDICTION AND VENUE

1. Swiss Re is a New York corporation with its principal place of business in the State of New York.

2. Swiss Re is qualified to conduct, and does conduct, business in the State of Minnesota, as a surety and reinsurer.

3. Upon information and belief, SuperValu, Inc. ("SuperValu") is and, at all times relevant hereto, was a Delaware corporation with its principal place of business in Minneapolis, Minnesota.

4. This Court has jurisdiction of this matter under 28 U.S.C. sections 1332 and 1367(a), as there is diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.

5. Venue in this District is proper under 28 U.S.C. 1391(a)(1) and/or 1391(b)(1), as the District where Defendant has a principal place of business.

## GENERAL ALLEGATIONS

*Creation of Underlying Bonded Obligation*

6. On or about February 25, 1997, Connie Hemmings and Patty Lamphiear filed an action (the "Action") against Tidyman's Management Services, Inc., formerly

-1-

known as Tidyman's Inc. ("Tidyman's").

7. On or about April 13, 1999, Connie Hemmings and Patty Lamphiear obtained a jury verdict against Tidyman's in the United States District Court, Eastern District of Washington, Case No. CS 97-0068-WFN, which later became a judgment in connection with the Action (the "Judgment").

***Amwest Appeal Bond***

8. On or about November 8, 1999, Amwest Surety Insurance Company ("Amwest"), issued the Appeal Bond, Bond No. 11002276 in the amount of $5,160,000 (the "Bond"), in favor of Tidyman's as principal, and naming Connie Hemmings and Patty Lamphiear as obligees (the "Obligees"). A true and correct copy of the Bond is attached hereto as "Exhibit A."

***Amwest-Swiss Re Reinsurance Relationship***

9. On or about November 8, 1999, Swiss Re entered into an Agreement (the "Agreement") in favor of the Obligees, to secure and guaranty Amwest's performance of its obligations under the Bond. A true and correct copy of the Agreement is attached hereto as "Exhibit B."

10. Pursuant to the Agreement, Swiss Re agreed, in relevant part, as follows:

> If the Direct Writing Company [Amwest] fails to pay any default under the bond [Bond] equal to or in excess of the "Amount of Reinsurance," the Reinsuring Company covenants and agrees to pay to the obligee [Obligees] the "Amount of this Reinsurance." If the Direct Writing Company fails to pay to the obligees any default for a sum less than the "Amount of this Reinsurance" the Reinsuring Company [Swiss Re] covenants and agrees to pay to the obligee the full amount of the default, or so much thereof that is not paid to the obligee by the Direct Writing Company.

11. Swiss Re, as surety and guarantor of Amwest on the Bond, is entitled to assert the rights of Amwest upon Swiss Re being forced to pay Amwest's obligations under the Bond.

***SuperValu Indemnity Agreement***

12. On or about November 29, 1999, in further consideration of and as further inducement to Amwest's execution of the Bond, SuperValu executed a Commercial

Surety Indemnity Agreement (the "Indemnity Agreement") with Amwest. A true and correct copy of the Indemnity Agreement is attached hereto as "Exhibit C."

13. Pursuant to the Indemnity Agreement, SuperValu agreed, among other things, as follows:

¶2 Indemnity

2.1 <u>Agreement of Indemnity</u>. SUPERVALU agrees...that if a claim is made against Surety [Amwest] relative to the Bond and Principal [Tidyman's] fails to discharge the claim in full upon demand of Surety [Amwest], then SUPERVALU shall pay Surety [Amwest] the unpaid portion of such claim...

....

2.4 <u>Payment</u>. SUPERVALU shall pay any amount that it owes Surety [Amwest] under the Agreement within 15 days after SUPERVALU receives written demand from Surety [AMWEST] for such amount.

14. Accordingly, Amwest and, thus, Swiss Re has a right of indemnity against SuperValu under the Indemnity Agreement, in the event that Tidyman's does not discharge any claim against the Bond in full upon demand.

***Liquidation of Amwest***

15. On or about June 7, 2001, the District Court of Lancaster County, Nebraska, entered an Order of Liquidation, Declaration of Insolvency, and Injunction in Docket Page CI 01-2101 authorizing the liquidation of Amwest under Neb. Rev. Stat. §44-4818 (the "Amwest Liquidation Estate").

16. As a result of the liquidation, Amwest is no longer a going-concern.

***Payment to Obligees***

17. On or about February 28, 2003, the Obligees filed their Proof of Claim in the Amwest Liquidation Proceeding.

18. On or about February 28, 2003, the Obligees filed a motion under Federal Rules of Civil Procedure, Rule 65.1, to enforce the Bond against Amwest and Swiss Re.

19. On or about April 8, 2003, Tidyman's, Swiss Re, SuperValu, and Amwest in Liquidation, entered into a "Settlement Agreement and Release" with the Obligees, which provides for payment to the Obligees. A true and correct copy of the Settlement

Agreement and Release is attached hereto as "Exhibit D."

20. Pursuant to the Settlement Agreement and Release, Swiss Re paid $1,656,294 to the Obligees pursuant to its obligations under the Agreement.

21. Accordingly, Swiss Re, as surety and guarantor of Amwest on the Bond, is entitled to assert the rights of Amwest for payment and losses, costs, expenses, and attorney's fees that Swiss Re incurred in connection with payment of the obligations under the Bond.

22. In connection with the "Settlement Agreement and Release," on or about April 17, 2003, Tidyman's, Amwest, Swiss Re, and SuperValu entered into a Reimbursement Agreement (the "Reimbursement Agreement"), wherein, SuperValu acknowledged that "Swiss Re reserves any and all of its rights" under the Indemnity Agreement. A true and correct copy of the Reimbursement Agreement is attached hereto as "Exhibit E."

23. To date, Tidyman's has reimbursed Swiss Re $1,549,676.47.

24. SuperValu owes Swiss Re at least $159,551.32 pursuant to the Indemnity Agreement.

***Demands for Indemnity***

25. Pursuant to paragraph 2 of the Indemnity Agreement, on or about June 6, 2007, Swiss Re made demand upon SuperValu that SuperValu satisfy its indemnity obligations and remit payment to Swiss Re. A true and correct copy of the demand is attached hereto as "Exhibit F."

26. On or about October 10, 2008, Swiss Re again made demand upon SuperValu that SuperValu satisfy its indemnity obligations and remit payment to Swiss Re. A true and correct copy of the second is attached hereto as "Exhibit G."

27. SuperValu denies that it is liable to Swiss Re

28. As a result of Swiss Re's payment to Obligees, and non-payment by SuperValu, Swiss Re has incurred further losses, costs, expenses, and attorney's fees.

29. Swiss Re has satisfied all conditions precedent under any and all applicable

agreements, prior to initiating legal proceedings against SuperValu.

## FIRST CAUSE OF ACTION

### (Breach of Indemnity Agreement)

30. Swiss Re repeats, realleges, and incorporates by reference its Jurisdiction, Venue and General Allegations as though set forth fully herein.

31. SuperValu is required under the Indemnity Agreement to indemnify Swiss Re for its losses, costs, and expenses.

32. Swiss Re performed all terms, covenants, and conditions it is required to perform in connection with the Bond, the Agreement, the Indemnity Agreement, and any other applicable agreement, except for those matters as to which it has been discharged.

33. Despite Swiss Re's due demand, SuperValu continues to breach the Indemnity Agreement by failing to indemnify Swiss Re.

34. As a direct and proximate result of SuperValu's breach of the Indemnity Agreement, as set forth herein, Swiss Re has been damaged in the sum of at least $159,551.32 in responding to the Obligees' demand on the Bond.

35. By reason of the foregoing, Swiss Re is entitled to judgment in its favor against SuperValu in the sum of at least $159,551.32.

WHEREFORE, Swiss Re prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Specific Performance of Indemnity Agreement Against SuperValu)

36. Swiss Re repeats, realleges, and incorporates by reference its Jurisdiction, Venue, General Allegations and its First Cause of Action as though set forth fully herein.

37. Pursuant to paragraph 2 to the Indemnity Agreement, Swiss Re is entitled to indemnity from SuperValu.

38. SuperValu's failure to indemnify Swiss Re, as required under paragraph 2, constitutes a breach or breaches of the Indemnity Agreement.

39. As a direct and proximate result of SuperValu's breach of the Indemnity Agreement, Swiss Re is being irreparably harmed, and has incurred at least $159,551.32

in losses, costs, expenses, damages, and attorney's fees in responding to the Obligees demand on the Bond.

40. The indemnity provisions in the Indemnity Agreement are just and reasonable and are supported by adequate consideration.

41. The terms of the Indemnity Agreement are sufficiently definite to allow this Court to enforce the indemnity provisions

WHEREFORE, Swiss Re prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION

### (Declaratory Relief)

42. Swiss Re realleges and incorporates by reference its Jurisdiction, Venue and General Allegations and its First through Second Causes of Action as though set forth fully herein.

43. A dispute has arisen and now exists between Swiss Re, on one hand, and SuperValu, on the other hand, in that Swiss Re contends that as surety and guarantor for Amwest, it is entitled to enforce the Indemnity Agreement, including its indemnity provisions, against SuperValu.

44. Swiss Re is informed and believes and on that basis alleges that SuperValu will deny Swiss Re's contentions.

45. Swiss Re is informed and believes and on that basis alleges that a judicial determination is necessary and proper to determine Swiss Re's rights and the respective duties of SuperValu, in connection with the matters alleged in this complaint.

46. It is appropriate for this Court to make such a declaration of rights because no adequate remedy at law exists.

WHEREFORE, Swiss Re prays for judgment as hereinafter set forth.

### PRAYER FOR RELIEF

WHEREFORE, Swiss Re prays for judgment against SuperValu, as follows:

1. On the FIRST CAUSE OF ACTION of its Complaint, for judgment in favor of Plaintiff Swiss Re against Defendant SuperValu, in the sum of at least

1  $159,551.32;

2    2. On the SECOND CAUSE OF ACTION of its Complaint, for an order requiring SuperValu to perform specifically the terms and conditions of the Indemnity Agreement, including, but not limited to, the requirement that SuperValu perform its indemnity obligations and pay Swiss Re in the sum of at least $159,551.32;

  3. On the THIRD CAUSE OF ACTION of its Complaint, for a declaration from the Court that SuperValu is obligated to perform specifically the terms and conditions of the Indemnity Agreement, including, but not limited to, the requirement that SuperValu is obligated to pay Swiss Re the sum of at least $159,551.32.

  4. For such other and further relief as this Court may deem necessary and proper.

DATED: November 3, 2009

By: _____
John J. McDonald, Jr. (#136815)
MEAGHER & GEER P.L.L.P.
33 South Sixth Street, Suite 4400
Minneapolis, Minnesota 55402-3788
(612) 338-0661

AND

Marilyn Klinger (*Pro Hac Vice Pending*)
Stephen A. Leys (*Pro Hac Vice Pending*)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
801 South Figueroa Street, 19th Floor
Los Angeles, CA 90017-5556
(213) 426-6900

*Attorneys for Plaintiff Swiss Reinsurance Corporation of America*

7121455.1